IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT G. CAMPBELL,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

        Defendant.

Case No. 3:12-cv-01122-AA
OPINION AND ORDER

George J. Wall
1336 E. Burnside Street, Suite 130
Portland, Oregon 97214
    Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

David Morado
Regional Chief Counsel
Leisa A. Wolf
Special Assistant United States Attorney
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Chief Judge:

Page 1 - OPINION AND ORDER

Plaintiff Scott Campbell brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's applications for Title XVI supplemental security income (SSI) under the Act. For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed his application SSI benefits on March 11, 2009, claiming a disability onset date of August 28, 2008. Tr. 160, 224. After plaintiff's applications were denied initially and on reconsideration, a hearing was held before an administrative law judge (ALJ). Tr. 18, 36-72. On January 26, 2011 the ALJ issued a decision finding plaintiff not disabled. Tr. 18-29. Plaintiff's subsequent request for review was denied by the Appeals Council on April 25, 2012, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4; 20 C.F.R. § 416.1481.

## STATEMENT OF FACTS

Born on October 16, 1958, plaintiff was 52 years old at the time of the hearing. Tr. 45, 88. He speaks English and has a tenth grade education. Tr. 23, 46. Plaintiff has past work experience as a forklift driver, a window cleaner, and a ride operator. Tr. 27, 63, 232. Plaintiff alleges disability as of August 28, 2008 due to blindness in his left eye, reduced vision in his right eye, hepatitis C, migraines, hypertension, GERD, and thyroid and back problems. Tr. 224.

Page 2 - OPINION AND ORDER

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner determines whether the claimant

Page 3 - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it "significantly limits your physical or mental ability to do basic work activities." Id. If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 416.920(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.966.

## DISCUSSION

I.  The ALJ's Findings

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since his application date of March

Page 4 - OPINION AND ORDER

11, 2009. Tr. 20, Finding 1. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and the cervical spine; left eye blindness; history of rib fracture; pain disorder with psychological factors and a general medical conditions; heroin and alcohol dependence with claimed early remission; and anti-social personality disorder. Tr. 20, Finding 2. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 21, Finding 3.

Because he did not establish disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a light work, with the following limitations: he can only occasionally reach overhead, stoop, kneel, crouch, crawl, and climb stairs and ramps; he is limited to unskilled work with no more than occasional public contact, and he should not do work requiring fine visual acuity, and he should avoid concentrated exposure to workplace hazards. Tr. 22, Finding 4.

At step four, the ALJ decided that plaintiff was unable to perform his past relevant work. Tr. 27, Finding 5. At step five, the ALJ found that plaintiff could perform other work that existed in significant numbers in the national economy, including café attendant and housekeeper/cleaner 2. Tr. 27-28, Finding 9. Accordingly, the ALJ found plaintiff was not disabled. Tr. 28, Finding 10.

## II. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ erred in his evaluation of the medical evidence by (1) improperly rejecting the opinion of treating physician Robert Henriques; (2) improperly rejecting the opinion of examining physician Donald Ramsthel; and (3) improperly rejecting the opinions of reviewing psychologists Dorothy Anderson and Megan Nicoloff. Pl. Opening Mem. 5, 9, 10. Because the ALJ did not incorporate the reviewing psychologists' opinion into the RFC, the Court reverses his decision and remands for further proceedings.

### A. Dr. Henriques' Opinion

Plaintiff argues that the ALJ rejected Dr. Henriques' entire opinion without "giving any legitimate reasons for doing so." *Id.* at 6. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester*, 81 F.3d at 830. A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate

Page 6 - OPINION AND ORDER

reasons" for discrediting the treating doctor's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. Lester, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. Lester, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008); Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995). In general, the more consistent an opinion is with the record as a whole, the more weight will be given to that opinion. 20 C.F.R. 416.927(c)(4).

Dr. Henriques began treating plaintiff in May, 2009. Tr. 528. On November 5, 2010, Dr. Henriques wrote that plaintiff suffers from left eye blindness and some impairment in his right eye, chronic pain related to degenerative disc disease, acquired hypothyroidism, hypertension, Hepatitis C, and a history of migraine headaches. Id. He opined that plaintiff is limited to

Page 7 - OPINION AND ORDER

working five hours a day, five days a week. Dr. Henriques also stated that plaintiff cannot stand and walk for more than two hours in an eight-hour workday, that "he must be able to move around at will," and that he should "limit his lifting to no more than 10 pounds occasionally." Dr. Henriques stated that plaintiff is limited to work "only in a very safe environment without hazards." Id. Based on his assessment, Dr. Henriques concluded that plaintiff is "very likely" to miss two or more days of work in a week, but "can be stable if he is not forced by work to exacerbate his injury." Id.

The ALJ declined to assign great weight to Dr. Henriques' opinion because it conflicted with the opinion of state agency physician Linda Jensen. Tr. 25. Dr. Jensen opined that plaintiff is capable of light work with some limitations, and did not credit all of the limitations assessed by Dr. Henriques. Tr. 460-65. The ALJ was thus required to provide specific, legitimate reasons for rejecting Dr. Henriques' contradicted opinion. Murray, 722 F.2d at 502.

First, Dr. Henriques' opinion was internally inconsistent. Tr. 24. For example, Dr. Henriques opined that plaintiff should not stand or walk more than two hours in a day, but he also indicated that plaintiff was limited to no more than about four hours a day of sitting, standing, and walking. Tr. 528-29. The ALJ reasonably determined these findings to be inconsistent. Plaintiff argues that these findings are in fact consistent because not strictly mutually exclusive. It was reasonable, however, for

Page 8 - OPINION AND ORDER

the ALJ to infer that the assessment that plaintiff could not stand for more than four hours in a day implied that he was capable of standing for more than two hours in a day, thus resulting in an internal contradiction. To the extent that plaintiff provides an alternative interpretation of the evidence the ALJ's rational conclusions must be upheld. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (holding that varying interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and a court may not substitute its judgment for that of the Commissioner).

Second, the ALJ stated that Dr. Henriques' opinion was not consistent with plaintiff's recent work history. Tr. 24. Inconsistency with a claimant's daily activities is a specific, legitimate reason for rejecting a physician's opinion. <u>Tommasetti</u>, 533 F.3d at 1040. Plaintiff testified at the hearing that in 2009 he worked for a window cleaning and roof business cleaning gutters and windows and removing moss. Tr. 42-43. The ALJ reasonably assumed that this work requires a degree of physical capacity that is inconsistent with Dr. Henriques's assessment of plaintiff's physical limitations. Thus, the ALJ provided legally sufficient reasons for rejecting Dr. Henriques' opinion.[1]

B. <u>Dr. Ramsthel's Opinion</u>

---

[1] Therefore, the Court need not consider plaintiff's challenges to other reasons provided for the ALJ's decision, because any error therein was harmless. <u>Carmickle</u>, 533 F.3d at 1162 (holding that a single erroneous basis for an ALJ's determination is harmless error if other valid reasons supporting that determination remain).

Page 9 - OPINION AND ORDER

Plaintiff also argues that the ALJ improperly rejected the opinion of state agency examining physician Donald Ramsthel. Pl. Opening. Mem. 9. Dr. Ramsthel examined plaintiff on June 13, 2009. Tr. 373. He opined that plaintiff could sit for up to five hours per day, that he could stand for up to three hours per day, and that he could lift fifteen pounds infrequently and ten pounds frequently. Tr. 373. On examination, plaintiff had no problems getting from a chair to the examination table; a slow, normal tandem gait, and could do a full squat. Tr. 375. Dr. Ramsthel also assessed a positive straight leg raise, along with pain and tenderness in plaintiff's back. Id.

Dr. Ramsthel's opinion also conflicted with the opinion of Dr. Jensen. Tr. 25. The ALJ gave great weight to Dr. Jensen, who opined that plaintiff is capable of light work with some additional limitations, but did not include the limitations assessed by Dr. Ramsthel. Tr. 460-65. The ALJ was thus required to provide specific, legitimate reasons for rejecting Dr. Ramsthel's controverted opinion. Murray, 722 F.2d at 502.

The ALJ found Dr. Ramsthel's opinion was contradicted by the medical record as a whole. Inconsistency with the medical record as a whole is a specific, legitimate reason for rejecting a physician's opinion. Tommasetti, 533 F.3d 1035, 1040. For example, while Dr. Ramsthel assessed a positive straight leg raise test, other evidence in the record indicated negative results on a straight leg raise test. Tr. 405-57. Dr. Ramsthel's opinion was thus inconsistent with the medical record as a whole.

Page 10 - OPINION AND ORDER

The ALJ next found that Dr. Ramsthel's opinion regarding plaintiff's limitations was belied by plaintiff's recent work activity. Tr. 24-25. Inconsistency with a claimant's daily activities is also a specific, legitimate reason for rejecting a physician's opinion. Tommasetti, 533 F.3d at 1040. Here, the ALJ reasonably assumed that plaintiff's roof work requires a degree of physical capacity that is inconsistent with Dr. Ramsthel's opinion. The ALJ therefore provided at least two specific, legitimate reasons for rejecting Dr. Ramsthel's opinion.[2]

C. Opinion of the State Agency Reviewing Psychologists

Plaintiff argues, finally, that the ALJ erred by failing to incorporate the opinions of agency reviewing psychologists Dorothy Anderson and Megan Nicoloff into the RFC. Drs. Anderson and Nicoloff opined that plaintiff "would be able to work when he is not in the presence of [the] general public." Tr. 403. The ALJ considered this opinion, but found that plaintiff has the RFC to perform unskilled work with "no more than occasional public contact." Tr. 22, 25. This was error.

The Commissioner's regulations define "occasionally" to mean "occurring from very little up to one-third of the time." Social Security Ruling (SSR) 96-9p. By contrast, the state agency psychologists' opinion suggests a limitation that precludes

---

[2] Thus, the Court need not consider plaintiff's further challenges to the ALJ's decision regarding Dr. Ramsthel, because any error was harmless. Carmickle, 533 F.3d at 1162 (holding that a single erroneous basis for an ALJ's determination is harmless error if other valid reasons supporting that determination remain).

Page 11 - OPINION AND ORDER

plaintiff from *any* public contact during the workday. Thus, the ALJ should have the opportunity to take additional VE testimony regarding what jobs, if any, exist within the national economy that could be performed by a worker with all of plaintiff's limitations, including the absolute limitation on public contact assessed by Drs. Anderson and Nicoloff.

This case is therefore remanded for the following limited purposes: first, that the ALJ may revise the RFC to include the limitation that plaintiff can have no public contact; second, that the ALJ may take new testimony from the VE regarding whether or not a person with all of plaintiff's limitations can perform jobs that exist in significant numbers in the national economy.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion. This case is DISMISSED.

IT IS SO ORDERED.
Dated this 2ND day of July 2013.

/s/ Ann Aiken

Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER